LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
CHRISTOPHER W. DECKER, State Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS
CORPORATION (incorrectly named and sued as "RBC WEALTH
MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER,
INC."), and THE ROYAL BANK OF CANADA US WEALTH
ACCUMULATION PLAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BENHAYON,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROYAL BANK OF CANADA, a Canadian company, business form unknown; RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC., business form unknown; THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, formerly known as RBC Dain Rauscher Wealth Accumulation Plan; and, DOES 1 through 20,<br><br>                    Defendants. | Case No. CV08-06090 FMC (AGRx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br>Action Filed:   September 17, 2008<br>Trial Date:      None Set |

Defendants Royal Bank of Canada ("RBC"), the Royal Bank of Canada U.S. Wealth Accumulation Plan ("the Plan"), and RBC Capital Markets Corporation ("RBCCMC") (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), hereby answer Plaintiff Steven Benhayon's ("Plaintiff") First Amended Complaint (the "Complaint") as follows:

1.      With regard to the averments contained in paragraph 1, Defendants are without sufficient information or knowledge to form a belief as to Plaintiff's residence or age, and on that basis deny same.

2.      Defendants admit the averments contained in paragraph 2.

3.      Defendants deny that the entity formerly known as "RBC Dain Rauscher, Inc" has changed its name to "RBC Wealth Management Company."   Defendants admit the remaining averments of paragraph 3.

4.      Defendants admit the existence of the Royal Bank of Canada U.S. Wealth Accumulation Plan, formerly known as the RBC Dain Rauscher Wealth Accumulation Plan, and that Plaintiff was formerly a participant in the Plan.  Defendants further admit that Exhibit A to the Complaint is an accurate copy of the April 1, 2003 Summary Description and Prospectus for the Plan.  Defendants deny that the Plan is a legal entity with the capacity to be sued, as it is a compensation program which is not covered by the Employee Retirement Income Security Act of 1974, as amended.  The averments of paragraph 4 regarding the provisions of the Employee Retirement Income Security Act of 1974, as amended, state legal conclusions to which no response is required.  Defendants deny the remaining averments of paragraph 4.

5.      Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of paragraph 5 of the Complaint, and on that basis deny same.

6.      Defendants deny the averments of paragraph 6 of the Complaint.

7.      Defendants are without sufficient information or knowledge to form a

belief as to the truth of the averments of paragraph 7 of the Complaint, and on that basis deny same.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required.

9.      Paragraph 9 of the Complaint states legal conclusions to which no response is required.

10.     Paragraph 10 of the Complaint states legal conclusions to which no response is required.

11.     Defendants RBCCMC and the Plan deny the averments of paragraph 11 of the Complaint.  Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint and on that basis denies same.

12.     Defendants RBCCMC and the Plan admit that correspondence was exchanged between representatives of the Plan and Plaintiff's authorized representative on the dates identified.  Defendants RBCCMC and the Plan deny that this exchange constituted a claim for benefits pursuant to the Plan or an appeal from the denial of a claim for benefits under the Plan.  Defendants RBCCMC and the Plan lack information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint insofar as they pertain to RBC and on that basis denies same. Defendant RBC denies the averments of paragraph 12 of the Complaint insofar as they pertain to RBC.  Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint insofar as they pertain to RBCCMC or the Plan and on that basis denies same.

13.     Defendant RBCCMC is without sufficient information or knowledge to form a belief as to whether Plaintiff has received a right to sue notice from the United States Equal Opportunity Commission and on that basis denies same.  Defendant RBCCMC admits the remaining averments of paragraph 13 of the Complaint. Defendants RBC and the Plan lack information or knowledge sufficient to form a

belief as to the truth of any of the averments of paragraph 13 of the Complaint and on that basis deny same.

14.     Defendants RBCCMC and RBC admit that RBCCMC can be found in this judicial district.  Defendants RBCCMC and RBC deny that RBC can be found in this judicial district.  All Defendants deny that the Plan can be found in this judicial district, on the grounds that it is not a legal entity which can be sued because it is a compensation program which is not subject to the Employee Retirement Income Security Act of 1974, as amended. The Plan lacks information or knowledge sufficient to form a belief as whether any other defendant can be found in this judicial district and on that basis denies the averments of paragraph 14 regarding same

15.     Defendants incorporate by reference their responses to paragraphs 1 through 14, above, as if fully set forth herein.

16.     Defendants RBCCMC and the Plan admit that Plaintiff was employed by RBCCMC or a predecessor or related entity from November 8, 1990 until September 17, 2007.  Defendants RBCCMC and the Plan further admit that Plaintiff was eligible to participate in the Plan at certain times during his employment.  Defendants RBCCMC and the Plan deny the remaining averments of paragraph 16 of the Complaint.  Defendant RBC lacks information sufficient to form a belief as to the truth of any of the allegations of paragraph 16 of the Complaint and on that basis denies same.

17.     Defendants RBCCMC and the Plan admit that Plaintiff was hired by RBCCMC or a predecessor or related entity on or about November 8, 1990. Defendants RBCCMC and the Plan deny the remaining averments of paragraph 17. Defendant RBC lacks information sufficient to form a belief as to the truth of any of the allegations of paragraph 17 of the Complaint and on that basis denies same.

18.     Defendants RBCCMC and the Plan admit that Plaintiff's employment with RBCCMC or a predecessor or related entity ended on September 17, 2007. Defendants RBCCMC and the Plan deny the remaining averments of paragraph 18

insofar as they pertain to themselves.  Defendants RBCCMC and the Plan lack information or knowledge sufficient to form a belief as the remaining averments of paragraph 18 insofar as they pertain to any other defendant and on that basis deny same.  Defendant RBC denies the averments of paragraph 18 in their entirety insofar as they pertain to RBC.  Defendant RBC lacks information or knowledge sufficient to form a belief as any of the averments of paragraph 18 insofar as they pertain to any other defendant and on that basis denies same.

19.     Defendants RBCCMC and the Plan deny the averments of paragraph 19. Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 19 and on that basis denies same.

20.     Defendants RBCCMC and the Plan deny the averments of paragraph 20. Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 20 and on that basis denies same.

21.     Defendant RBCCMC denies the averments of paragraph 21 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief as the truth of the averments of paragraph 21 insofar as they pertain to any other defendant and on that basis denies same. Defendants RBC and the Plan deny the averments of paragraph 21 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 21 insofar as they pertain to any other defendant and on that basis deny same.

22.     Defendant RBCCMC denies the averments of paragraph 22 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief as the truth of the averments of paragraph 22 insofar as they pertain to any other defendant and on that basis denies same. Defendants RBC and the Plan deny the averments of paragraph 22 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 22 insofar as

they pertain to any other defendant and on that basis deny same.

23.     Defendants RBCCMC and the Plan deny the averments of paragraph 23 of the Complaint.  Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 23 and on that basis denies same.

24.     Defendants RBCCMC denies the averments of paragraph 24 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 24 insofar as they pertain to any other defendant and on that basis denies same. Defendants RBC and the Plan deny the averments of paragraph 24 of the Complaint insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 24 insofar as they pertain to any other defendant and on that basis deny same.

25.     Defendants RBCCMC denies the averments of paragraph 25 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 25 insofar as they pertain to any other defendant and on that basis denies same. Defendants RBC and the Plan deny the averments of paragraph 25 of the Complaint insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 25 insofar as they pertain to any other defendant and on that basis deny same.

26.     Defendant incorporates by reference its responses to paragraphs 1 through 25, above, as if fully set forth herein.

27.     Paragraph 27 states legal conclusions to which no response is required.

28.     Defendants RBCCMC and the Plan admit that Plaintiff's employment with RBCCMC or a predecessor or related entity ended on September 17, 2007. Defendants RBCCMC and the Plan deny the remaining averments of paragraph 28 insofar as they pertain to themselves.  Defendants RBCCMC and the Plan lack information or knowledge sufficient to form a belief as the averments of paragraph 28

insofar as they pertain to any other defendant and on that basis deny same.  Defendant RBC denies the averments of paragraph 28 in their entirety insofar as they pertain to RBC.  Defendant RBC lacks information or knowledge sufficient to form a belief as to the truth of any of the averments of paragraph 28 insofar as they pertain to any other defendant and on that basis denies same.

29.     Defendant RBCCMC denies the averments of paragraph 29 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis denies the averments of paragraph 29 insofar as they pertain to any other defendant.  Defendants RBC and the  Plan deny the averments of paragraph 29 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis denies the averments of paragraph 29 insofar as they pertain to any other defendant.

30.     Defendant RBCCMC denies the averments of paragraph 30 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis denies the averments of paragraph 30 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of paragraph 30 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis denies the averments of paragraph 30 insofar as they pertain to any other defendant.

31.     Defendant RBCCMC denies the averments of paragraph 31 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the consequences of the actions of any other defendant and on that basis denies the averments of paragraph 31 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of

paragraph 31 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis deny the averments of paragraph 31 insofar as they pertain to any other defendant.

32.    Defendant RBCCMC denies the averments of paragraph 32 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the consequences of the actions of any other defendant and on that basis denies the averments of paragraph 32 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of paragraph 32 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis deny the averments of paragraph 32 insofar as they pertain to any other defendant.

33.    Defendants deny the averments of paragraph 33.

34.    Defendants incorporate by reference its responses to paragraphs 1 through 33, above, as if fully set forth herein.

35.    Paragraph 35 states a legal conclusion to which no response is required.

36.    Defendant RBCCMC denies the averments of paragraph 36 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the actions of any other defendant and on that basis denies the averments of paragraph 36 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of paragraph 36 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis deny the averments of paragraph 36 insofar as they pertain to any other defendant.

37.    Defendant RBCCMC denies the averments of paragraph 37 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or

1  knowledge sufficient to form a belief regarding the actions of any other defendant and

2  on that basis denies the averments of paragraph 37 insofar as they pertain to any other

3  defendant. Defendants RBC and the Plan deny the averments of paragraph 36 insofar

4  as they pertain to themselves. Defendants RBC and the Plan lack information or

5  knowledge sufficient to form a belief regarding the motives or actions of any other

6  defendant and on that basis deny the averments of paragraph 37 insofar as they pertain

7  to any other defendant.

8      38.    Defendants admit the existence of California Labor Code section 201, the

9  terms of which speak for themselves. Defendant RBCCMC denies the remaining

10  averments of paragraph 37 insofar as they pertain to RBCCMC or the Plan. Defendant

11  RBCCMC lacks information or knowledge sufficient to form a belief regarding the

12  actions of any other defendant and on that basis denies the remaining averments of

13  paragraph 38 insofar as they pertain to any other defendant. Defendants RBC and the

14  Plan deny the remaining averments of paragraph 38 insofar as they pertain to

15  themselves. Defendants RBC and the Plan lack information or knowledge sufficient to

16  form a belief regarding the motives or actions of any other defendant and on that basis

17  deny the remaining averments of paragraph 38 insofar as they pertain to any other

18  defendant.

19      39.    Defendants admit the existence of the California Fair Employment and

20  Housing Act, California Government Code section 12920 *et seq*., the terms of which

21  speak for themselves. Defendant RBCCMC denies the remaining averments of

22  paragraph 39 insofar as they pertain to RBCCMC or the Plan. Defendant RBCCMC

23  lacks information or knowledge sufficient to form a belief regarding the actions of any

24  other defendant and on that basis denies the remaining averments of paragraph 39

25  insofar as they pertain to any other defendant. Defendants RBC and the Plan deny the

26  remaining averments of paragraph 39 insofar as they pertain to themselves.

27  Defendants RBC and the Plan lack information or knowledge sufficient to form a

28  belief regarding the motives or actions of any other defendant and on that basis deny

the remaining averments of paragraph 39 insofar as they pertain to any other defendant.

40.     Defendants admit the existence of the Age Discrimination in Employment Act, 29 U.S.C. section 621 *et seq*., the terms of which speak for themselves. Defendant RBCCMC denies the remaining averments of paragraph 40 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the actions of any other defendant and on that basis denies the remaining averments of paragraph 40 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the remaining averments of paragraph 38 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis deny the remaining averments of paragraph 40 insofar as they pertain to any other defendant.

41.     Paragraph 41 states a legal conclusion to which no response is required.

42.     Defendant RBCCMC denies the averments of paragraph 42 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the actions of any other defendant and on that basis denies the averments of paragraph 42 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of paragraph 42 insofar as they pertain to themselves.  Defendants RBC and the Plan lack information or knowledge sufficient to form a belief regarding the motives or actions of any other defendant and on that basis deny the averments of paragraph 42 insofar as they pertain to any other defendant.

43.     Defendant RBCCMC denies the averments of paragraph 43 insofar as they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or knowledge sufficient to form a belief regarding the actions of any other defendant and on that basis denies the averments of paragraph 43 insofar as they pertain to any other defendant.  Defendants RBC and the Plan deny the averments of paragraph 43 insofar

6894544_7

1  as they pertain to themselves.  Defendants RBC and the Plan lack information or
2  knowledge sufficient to form a belief regarding the motives or actions of any other
3  defendant and on that basis deny the averments of paragraph 43 insofar as they pertain
4  to any other defendant.

5      44.    Defendant RBCCMC denies the averments of paragraph 44 insofar as
6  they pertain to RBCCMC or the Plan.  Defendant RBCCMC lacks information or
7  knowledge sufficient to form a belief regarding the actions of any other defendant and
8  on that basis denies the averments of paragraph 44 insofar as they pertain to any other
9  defendant.  Defendants RBC and the Plan deny the averments of paragraph 44 insofar
10  as they pertain to themselves.  Defendants RBC and the Plan lack information or
11  knowledge sufficient to form a belief regarding the motives or actions of any other
12  defendant and on that basis deny the averments of paragraph 44 insofar as they pertain
13  to any other defendant.

14      45.    The remaining averments in the Complaint constitute Plaintiff's prayer
15  for relief and therefore no response is required.  Defendant denies that Plaintiff is
16  entitled to the relief requested, or any relief, in this action.

17            **FIRST AFFIRMATIVE DEFENSE**

18      46.    Plaintiff's claims against Defendant, and each of them, are barred by his
19  failure to allege facts sufficient to constitute a cause of action.

20            **SECOND AFFIRMATIVE DEFENSE**

21      47.    Plaintiff's claims against the Plan, and each of them, are barred because
22  Defendant is not a legal entity with the capacity to be sued.

23            **THIRD AFFIRMATIVE DEFENSE**

24      48.    Plaintiff's Complaint fails to state facts sufficient to support a claim for
25  punitive damages under applicable law.

26            **FOURTH AFFIRMATIVE DEFENSE**

27      49.    Defendant is informed and believes, and on that basis alleges, that
28  Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6894544_7

1   Accordingly, Plaintiff is barred from recovering any damages, or any recovery of

2   damages must be reduced.

3                          **FIFTH AFFIRMATIVE DEFENSE**

4          50.    Plaintiff's claims against Defendant are barred, in whole or in part, by the

5   applicable statutes of limitations.

6                          **SIXTH AFFIRMATIVE DEFENSE**

7          51.    Plaintiff's claims for emotional injuries allegedly suffered as a result of

8   his employment or the termination thereof are barred, in that his sole and exclusive

9   remedy for any such purported injuries is governed by the California's Workers

10  Compensation Act, California Labor Code §§ 3600 et seq.

11                        **SEVENTH AFFIRMATIVE DEFENSE**

12         52.    Plaintiff's claims against Defendant are barred, in whole or in part, by the

13  doctrine of avoidable consequences.

14                         **EIGHTH AFFIRMATIVE DEFENSE**

15         53.    Plaintiff's claims against Defendant are barred, in whole or in part,

16  because Plaintiff has suffered no legally cognizable damages as a result of the matters

17  he alleges in the Complaint.

18                          **NINTH AFFIRMATIVE DEFENSE**

19         54.    Plaintiff's claims against Defendant are barred, in whole or in part,

20  because there were good and sufficient lawful causes and reasons for any alleged

21  adverse employment actions that affected Plaintiff.

22                          **TENTH AFFIRMATIVE DEFENSE**

23         55.    Plaintiff's claims against Defendant are barred, in whole or in part,

24  because Plaintiff has failed to exhaust the administrative remedies available to him, as

25  required by applicable law.

26                        **ELEVENTH AFFIRMATIVE DEFENSE**

27         56.    Plaintiff's claims against Defendant are barred, in whole or in part,

28  because Defendant's conduct was a just and proper exercise of managerial discretion,

6894544_7

1  undertaken for fair and honest reasons, comporting with good faith under the

2  circumstances then existing, and was privileged and justified.

3                     **TWELFTH AFFIRMATIVE DEFENSE**

4       57.    Plaintiff's claims for tort damages and punitive damages are barred by the

5  contract clause (Article I, Section 10, clause 1), the due process clause (Fifth

6  Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause

7  (Eighth Amendment) of the United States Constitution, and the corresponding

8  provisions of the Constitution of the State of California.

9                     **THIRTEENTH AFFIRMATIVE DEFENSE**

10      58.    Any non-economic damages, if any, sustained by Plaintiff were due to the

11  fault of someone other than Defendant, and under the Fair Responsibility Act of 1986,

12  Cal. Civil Code § 1431.2, Defendant can only be held liable for those non-economic

13  damages, if any, proportionally caused by the fault of Defendant .

14                     **FOURTEENTH AFFIRMATIVE DEFENSE**

15      59.    Plaintiff's claims against Defendant are barred, in whole or in part,

16  because his employment was at all times terminable at-will.

17                     **FIFTEENTH AFFIRMATIVE DEFENSE**

18      60.    Defendant alleges that Plaintiff's Complaint, and each and every cause of

19  action asserted therein, is barred to the extent that Plaintiff, by reason of his own

20  conduct and actions, has waived any of his purported causes of action against

21  Defendant.

22                     **SIXTEENTH AFFIRMATIVE DEFENSE**

23      61.    Defendant alleges that the Complaint, and each and every cause of action

24  asserted therein, is barred by the doctrine of estoppel.

25                     **SEVENTEENTH AFFIRMATIVE DEFENSE**

26      62.    Defendant alleges that the Complaint, and each and every cause of action

27  asserted therein, is barred by the doctrine of unclean hands.

28                     **EIGHTEENTH AFFIRMATIVE DEFENSE**

63.     Defendant alleges that at all times relevant hereto, it acted without malice and with the good faith belief in the propriety of its conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

64.     Plaintiff's claims are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

65.     Plaintiff's claims are against Defendant barred, in whole or in part, because the Plan is not subject to the provisions of Employee Retirement Income Security Act of 1974, as amended.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

66.     Plaintiff's claims against Defendant are barred, in whole or in part, because they are preempted by the provisions of Employee Retirement Income Security Act of 1974, as amended.

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by this action;

2.      That judgment be entered in favor of Defendant;

3.      For costs of suit and for attorneys' fees incurred; and

4.      For such other and further relief as the Court deems just and proper.

DATED:  January 13, 2009            OGLETREE, DEAKINS, NASH, SMOAK
                                    & STEWART, P.C.


                                    By: _____/s/ Christopher Decker_____
                                            Christopher W. Decker
                                    Attorneys for Defendants
                                    ROYAL BANK OF CANADA, RBC
                                    CAPITAL MARKETS CORPORATION
                                    (incorrectly named and sued as "RBC
                                    WEALTH MANAGEMENT COMPANY,
                                    formerly RBC DAIN RAUSCHER, INC."),
                                    and THE ROYAL BANK OF CANADA US
                                    WEALTH ACCUMULATION PLAN

6894544_7