LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
CHRISTOPHER W. DECKER, State Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS
CORPORATION (incorrectly named and sued as "RBC WEALTH
MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER,
INC."), and THE ROYAL BANK OF CANADA US WEALTH
ACCUMULATION PLAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BENHAYON,<br><br>        Plaintiff,<br><br>v.<br><br>ROYAL BANK OF CANADA, a Canadian company, business form unknown; RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC., business form unknown; THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, formerly known as RBC Dain Rauscher Wealth Accumulation Plan; and, DOES 1 through 20,<br><br>        Defendants. | Case No. CV08-06090 FMC(AGRx)<br><br>**JOINT REPORT OF CONFERENCE OF PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Date:     March 16, 2009<br>Time:    9:00 a.m.<br>DJ:       Florence-Marie Cooper<br>Courtroom: (Roybal) 750<br>MJ:      Alicia G. Rosenberg<br>Courtroom: (Spring) 23<br><br>Trial Date: None |

1   Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1,
2 plaintiff Steven Benhayon ("Plaintiff") and defendants Royal Bank of Canada, the
3 Royal Bank of Canada U.S. Wealth Accumulation Plan, and RBC Capital Markets
4 Corporation (incorrectly named and sued as "RBC WEALTH MANAGEMENT
5 COMPANY, formerly RBC DAIN RAUSCHER, INC."), (collectively
6 "defendants"), submit the following report of their conference:

7   1.  A conference between counsel of record for the parties was held on
8 February 26, 2009.

9   2.  <u>Pre-Discovery Disclosures</u>:  The parties agree that no changes should be
10 made to the disclosures required under Federal Rule of Civil Procedure 26(a), and
11 that the parties will make such disclosures on or before April 6, 2009.

12   3.  <u>Need for Discovery</u>:  The parties anticipate discovery on the following
13 subjects:

14     a.  The facts underlying plaintiff's claim that "plaintiff was wrongfully
15 terminated without cause or prior notice."

16     b.  The facts underlying plaintiff's claim that "Defendants wrongfully
17 breached the Plan and denied Plaintiff the distribution he was entitled to under the
18 Plan, all in violation of ERISA."

19     c.  The facts underlying plaintiff's claim that "Defendants wrongfully
20 denied his distribution under the Plan and wrongfully terminated his employment to
21 avoid paying Plaintiff benefits he was due under the Plan."

22     d.  The facts underlying plaintiff's claim that "Plaintiff exhausted all
23 administrative remedies required under ERISA and any further attempt to resolve
24 this matter would be futile".

25     e.  The facts underlying plaintiff's claim that Defendants "wrongfully
26 terminated Plaintiff's employment because of his age and to prevent him from
27 receiving the distribution he was entitled to under the Plan."

28

  f. The facts underlying plaintiff's claim that "Defendants terminated several employees over the age of forty immediately prior to them vesting in the Plan" and "in an attempt to prevent employees from receiving a distribution under the Plan."

  g. The facts underlying plaintiff's claims for economic and non-economic damages.

  h. The facts underlying plaintiff's claims for liquidated damages.

  i. The facts underlying plaintiffs' claims for punitive damages and attorney's fees.

  j. Plaintiff's mitigation of his alleged damages.

  k. The facts underlying each of Defendants' affirmative defenses alleged in their Answer.

 4. <u>Discovery Plan</u>:  The parties propose the following discovery plan:

  a. The parties will make their initial disclosures on April 6, 2009;

  b. Both parties may serve written discovery immediately.  The time for responding to written discovery requests will be as provided in the Federal Rules of Civil Procedure;

  c. Defendants will take Plaintiff's deposition on a mutually convenient date during the week of May 4, 2009;

  d. All written discovery and fact witness depositions, party and non-party, shall be completed no later than August 31, 2009;

  e. Expert discovery will be postponed until after the Court has ruled on Defendants' expected motion(s) for summary judgment or summary adjudication, unless Defendant relies on expert testimony in support of those motions.  If so, the Defendant agrees to meet and confer with Plaintiff in good faith and within a reasonable time before filing those motions regarding arrangements for discovery related to that expert testimony.  If not, then the parties will meet and confer in good

faith to develop a mutually agreeable schedule for completing expert discovery after the Court rules on Defendants' motion, to the extent such discovery is needed.

  f. The parties do not presently propose any changes in the limitations on discovery imposed under the Rules or by Local Rule, without prejudice to any party's right to seek such changes later either by stipulation or court order.

  g. Defendants contend that discovery on Plaintiff's claim for benefits under the Wealth Accumulation Plan is limited to the administrative record, which will be included in Defendants' initial disclosures. Plaintiff contends that such discovery requires more than the administrative record given Defendants' assertion that the Wealth Accumulation Plan is not subject to ERISA, but that if it is, then it is exempt as a top hat plan. The determination of whether the top hat exemption applies is a quantitative and qualitative analysis, with such information not likely to be part of the administrative record, as Plaintiff understands that such record is limited to the plan itself and the Committee minutes. The parties will continue to meet and confer in an attempt to resolve this disagreement.

  h. The parties will cooperate to prepare a proposed protective order governing the disclosure of confidential information in discovery. The parties will present the proposed order to the court for approval in advance of the scheduling conference on March 16, 2009.

  i. Both parties have taken steps to preserve documentary and electronically-stored information relevant to the claims and defenses asserted in the pleadings. The parties agree that the electronically-stored information described below may be needed for discovery in this action. Defendants agree to preserve such information, to the extent it exists:

- Electronic documents prepared or reviewed by any employee of Defendants with decision-making authority regarding the September 2007 reduction in force in Defendants' Fixed Income Group in (the

"RIF") concerning (i) the scope of the RIF, (ii) the selection of offices and employees to be eliminated in the RIF including but not limited to the criteria used to identify those subject to the RIF, (iii) the timing of the RIF, (iv) transfers of employees to other offices in connection with the RIF, (v) employees included in the RIF that are over the age of 40, (vi) categories/job title(s) of employees included in the RIF, (vii) employees subject to the RIF that were participating in the Wealth Accumulation Plan, (viii) employees subject to the RIF that were eligible for a single lump sum distribution from the Wealth Accumulation Plan in January 2008, (ix) the distribution amount from the Wealth Accumulation Plan in January 2008, and (x) the projected distribution amount from the Wealth Accumulation Plan in January 2008 without the benefit of the RIF.

5. <u>Motion Schedule</u>: Defendants will file a motion for partial summary judgment on Plaintiff's claim for benefits under the Wealth Accumulation Plan no later than May 29, 2009. Defendants will file a motion for summary judgment with respect to the remainder of Plaintiff's claims no later than August 28, 2009.

6. <u>Complex Case</u>: The parties do not believe this case is complex.

7. <u>Settlement</u>: The parties are discussing and will continue to discuss the possibility of settlement. The parties agree to submit to SETTLEMENT PROCEDURE NO. 1 (the parties shall appear before the magistrate judge assigned to the case).

8. <u>Trial Estimate</u>: The parties estimate that the trial in this matter will take between three and five days. Plaintiff has demanded a jury trial and seeks to try this case to a jury. Defendant contends that a jury trial is not available on any claim which arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

9. <u>Additional Parties/Amended Pleadings:</u>  The parties do not anticipate joinder of any additional parties at this time.

DATED:  March 5, 2009

OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.

By:    /s/ Christopher Decker    
        Christopher W. Decker

Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS CORPORATION (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), and THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

DATED:  March 5, 2009

BOHM, MATSEN, KEGEL & AGUILERA, LLP

By:    /s/ Kari Myron    
        Kari M. Myron

Attorneys for Plaintiff
Steven Benhayon