1  LINDA CLAXTON, State Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  CHRISTOPHER W. DECKER, State Bar No. 229426
   christopher.decker@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
5  Telephone:  (213) 239-9800
   Facsimile:  (213) 239-9045
6
   Attorneys for Defendants
7  ROYAL BANK OF CANADA, RBC CAPITAL MARKETS
   CORPORATION (incorrectly named and sued as "RBC WEALTH
8  MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER,
   INC."), and THE ROYAL BANK OF CANADA US WEALTH
9  ACCUMULATION PLAN

10

11          UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13

14  STEVEN BENHAYON,                    Case No. CV08-06090 FMC(AGRx)

15          Plaintiff,                   **SEPARATE STATEMENT OF
                                         UNCONTROVERTED FACTS AND
                                         CONCLUSIONS OF LAW IN
16      v.                               SUPPORT OF DEFENDANTS'
                                         MOTION FOR PARTIAL
17  ROYAL BANK OF CANADA, a             SUMMARY JUDGMENT ON
                                         PLAINTIFF'S CLAIM FOR
18  Canadian company, business form     BENEFITS UNDER THE ROYAL
    unknown; RBC WEALTH                 BANK OF CANADA US WEALTH
19  MANAGEMENT COMPANY, formerly        ACCUMULATION PLAN**

20  RBC DAIN RAUSCHER, INC.,
    business form unknown; THE ROYAL
21  BANK OF CANADA US WEALTH            DJ:        Florence-Marie Cooper
    ACCUMULATION PLAN, formerly         Courtroom: (Roybal) 750
22  known as RBC Dain Rauscher Wealth   MJ:        Alicia G. Rosenberg
    Accumulation Plan; and, DOES 1      Courtroom: (Spring) 23
23
    through 20,
24                                       Trial Date:  February 16, 2010

25          Defendants.

26

27

28
                                         CASE NO. CV08-06090 FMC(AGRx)

7538166_2.DOC

Defendants ROYAL BANK OF CANADA, RBC CAPITAL MARKETS CORPORATION (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), and THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN submit their Separate Statement Of Uncontroverted Facts and Conclusion of Law –In-Support Defendants' Motion for Summary Judgment On Plaintiff's Claim For Benefits Under The Royal Bank Of Canada U.S. Wealth Accumulation Plan.  The material facts contained herein are undisputed only for purposes of this motion.  Defendants reserve the right to dispute and/or controvert any of the material facts identified below in any future proceedings in this action.

## STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| 1. The Royal Bank of Canada U.S. Wealth Accumulation Plan (the "WAP") is a non tax-qualified, deferred compensation plan for a select group of management or highly-compensated employees of the Royal Bank of Canada and its participating subsidiaries (collectively "RBC"). | Sikich Decl., ¶ 8, Exh. G (2007 Plan Document[1] § 1.1; p. 22; ) |

---

[1] All citations in this Separate Statement are to the version of the WAP Plan Document dated November 1, 2007 and included as Exhibit G to the Declaration of Gabriela Sikich, filed concurrently herewith.  In each case, the language of the relevant provisions is identical in the version of the WAP Plan Document dated November 1, 2006 and included as Exhibit H to the Declaration of Gabriela Sikich, filed concurrently herewith.  Since there are no material differences between the two versions of the plan document, the Court need only consider the later version.

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| 2.   The WAP is administered by a committee established under the WAP Plan Document (the "WAP Committee"). | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document § 7.1; p. 34) |
| 3.   The WAP Committee has the full power and sole discretionary authority to make all determinations provided for in the Plan. | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document § 7.1; p. 34) |
| 4.   Benefits under the WAP are unfunded and are paid as needed solely from the general assets of the Royal Bank of Canada or one of its participating subsidiaries. | Sikich Decl., ¶ 8, Exh. G (2007 Plan Document §§ 2.4 & 8.2; pp. 25 & 35) |

CASE NO. CV08-06090 FMC(AGRx)

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO DEFS.' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PL.'S CLAIM FOR BENEFITS UNDER THE RBC US WEALTH ACCUMULATION PLAN

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 5.  The WAP provides that employees are eligible to participate in the WAP only if they are part of the select group of management or highly compensated employees of RBC whose compensation or production otherwise exceeds a level deemed appropriate by the WAP Committee and who are invited to become participants by the WAP Committee. | Sikich Decl., ¶ 8, Exh. G (2007 Plan Document §§ 2.1(a); pp. 24 - 25) |
| 6.  On March 13, 2001, a statement was filed with the United States Department of Labor registering the WAP as a "top-hat" plan within the meaning of 28 C.F.R. 2520.104-23. | Sikich Decl., ¶18, Exh. P, p. 114 |

3

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 7.  The amounts credited to a participant's individual account consist of: (i) voluntary deferrals of cash compensation ("Voluntary Deferred Compensation"); (ii) mandatory deferrals of cash compensation ("Mandatory Deferred Compensation"), and (iii) company matching contributions and bonuses ("Company Contributions"). | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document §§ 2.2; 2.3 & 2.6; pp. 25-26.) |
| 8.  Any participant who disagrees with any determination that has been made for payment under the WAP may present a claim to the WAP Committee and, if the claim is denied, may request a further review of the claim. | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document §§ 7.2-7.4; pp. 34 - 35) |
| 9.  All decisions on claims and reviews of denied claims are made by the WAP Committee. | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document § 7.5; p. 35) |

CASE NO. CV08-06090 FMC(AGRx)
SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO DEFS.' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PL.'S CLAIM FOR BENEFITS UNDER THE RBC US WEALTH ACCUMULATION PLAN

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 10. The WAP provides that "Mandatory Deferred Compensation and Company Contributions in a participant's account shall vest on the date or dates determined by the Committee, in its sole discretion." | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan § 4.2; p. 28;) |
| 11. Except as expressly set forth in the WAP Plan Document, "all Company Contributions and Mandatory Deferred Compensation that are not vested on the participant's employment termination date shall be deemed forfeited, and such participant's account shall be appropriately reduced." | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan § 4.5; p. 29) |

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| The WAP plan document provides only three exceptions to the rule that unvested Company Contributions and Mandatory Deferred Compensation are deemed forfeited upon termination of the participant's employment **(i)** Mandatory Deferred Compensation and Company Contributions vest immediately upon the death or qualifying disability of a participant; **(ii)** Mandatory Deferred Compensation and Company Contributions vest immediately upon the retirement of a participant who has satisfied the requirements for retirement under the WAP ; and **(iii)** Mandatory Deferred Compensation (but not Company Contributions) vest in full in the event a participant ceases to be employed due to an organizational restructuring (as determined in the sole discretion of the WAP Committee) . | Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.2(i); p. 28)<br><br>Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.2(ii); pp. 28-29;<br><br>Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.4; p. 29;) |

6

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 12. Benhayon's notional account balance under the WAP was $334,220.03 at the time his employment with RBC terminated on September 17, 2007. | Sikich Decl., ¶ 10, Exh. I (Retirement Savings Statement for 1/1/2007 – 12/31/2007; pp. 58, 59) |
| 13. The $334,220.03 remaining in Benhayon's WAP account on September 17, 2007 was entirely attributable to an "Employer Match" contribution for plan year 2003 and "FICM WAP Bonus" contributions for plan years 2003 through 2006. | Sikich Decl., ¶ 10, Exh. I (Retirement Savings Statement for 1/1/2007 – 12/31/2007; p. 57;) |
| 14. The "Employer Match" contribution to Benhayon's WAP account for plan year 2003 was subject to four-year cliff vesting. | Sikich Decl., ¶ 10, Exh. I (Retirement Savings Statement for 1/1/2007 – 12/31/2007; p. 57) |
| 15. The "FICM WAP Bonus" contributions to Benhayon's WAP account for plan years 2003 through 2006 were subject to four-year cliff vesting. | Sikich Decl., ¶ 17, Exh. O (Summary of Provisions for US Debt Markets Commissioned Employees (Plan Years 2003–2006); pp. 100, 105, 110 & 115) |

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 16. Unless otherwise provided by the WAP Committee, all vesting periods begin on January 1 of the plan year following the plan year for which the contribution was made. | Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.2; p. 28) |
| 17. The Employer Match contribution to Benhayon's WAP account for plan year 2003 was scheduled to vest January 1, 2008, | Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.2; p. 28)<br><br>Sikich Decl., ¶ 10, Exh. I (Retirement Savings Statement for 1/1/2007 – 12/31/2007; p. 57) |
| 18. The FICM WAP Bonus contributions to Benhayon's WAP account for plan years 2003-2006 were scheduled to vest on January 1st of years 2008-2011, respectively. | Sikich Decl., ¶ 8, Exh. G (2007 Plan § 4.2; p. 28)<br><br>Sikich Decl., ¶ 10, Exh. I (See Summary of Provisions for US Debt Markets Commissioned Employees (Plan Years 2003–2006); pp. 100, 105, 110 & 115) ) |
| 19. Benhayon's employment with RBC ended on September 17, 2007. | Decker Decl.[2] ¶ 2, Exh. A (Pl. Depo. at pp. 103:15-19, 106:20-22, 120:3-9) |

[2] "Decker Decl." refers to the Declaration of Christopher W. Decker, filed

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 20. Benhayon did not separate from employment with RBC due to death, disability or retirement. | Decker Decl. ¶ 2, Exh. A (Pl. Depo. at pp.190:23-191:4 & 191:25-192:4.) |
| 21. Under the terms of the WAP, an approved retirement requires that the Participant execute either a business transition agreement or a non-competition and non-solicitation agreement. | Sikich Decl., ¶ 8, Exh. G (2007 WAP Plan Document § 4.2(ii); p. 28-29) |
| 22. There was no evidence in the administrative record that Benhayon ever executed either a business transition agreement or a non-competition and non-solicitation agreement. | Sikich Decl. ¶ 16 & Exs. A - N |
| 23. The $334,220.03 remaining in Benhayon's WAP account on September 17, 2007 was treated by the WAP as a forfeiture. | Sikich Decl., ¶ 11, Exh. J (Retirement Savings Statement for 1/1/2008 – 12/31/2008; pp. 61, 63) |

concurrently herewith.

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 24. By letter dated November 9, 2007, Benhayon's counsel, Kari M. Myron, wrote to certain representatives of RBC, requesting an increase in the amount of severance pay offered to Benhayon and distribution of the balance remaining in Benhayon's WAP account. | Sikich Decl., ¶ 2, Exh. A (Letter from K. Myron to A. Burke and T. McDonald dated November 9, 2007; pp. 5-7) |
| 25. By letter dated November 12, 2007, Benhayon's counsel wrote to certain representatives of the WAP, requesting that "the WAP Committee . . . accelerate[] vesting of any/all funds on deposit in [Benhayon's] WAP account, which are estimated to be $335,000.00." | Sikich Decl., ¶ 3, Exh. B (Letter from K. Myron to G. Sikich, dated November 12, 2007, pp. 8-9) |
| 26. On December 7, 2007, the WAP Committee met and considered Benhayon's request for accelerated vesting of the amount credited to his WAP account at the time of his termination. | Sikich Decl., ¶ 13, Exh. L (Minutes of WAP Committee Meeting, December 7, 2007, p. 68) |

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 27.   The WAP Committee denied Mr. Benhayon's request for accelerated vesting of the amount credited to his WAP account at the time of his termination. | Sikich Decl., ¶ 13, Exh. L (Minutes of WAP Committee Meeting, December 7, 2007, p. 68) |
| 28.   Benhayon's counsel was advised of the Committee's decision to deny his  request for accelerated vesting of the amount credited to his WAP account at the time of his termination by letter dated December 11, 2007. | Sikich Decl., ¶ 5, Exh. D (Letter from T. Schell to K. Myron, dated December 11, 2007; p. 12) |
| 29.   Also by letter dated December 11, 2007, RBC advised Benhayon of his right to seek review of the WAP Committee's decision pursuant to section 7.4 of the WAP Plan Document. | Sikich Decl., ¶ 5, Exh. D (Letter from T. Schell to K. Myron, dated December 11, 2007; p. 12) |

CASE NO. CV08-06090 FMC(AGRx)

SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO DEFS.' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PL.'S  CLAIM FOR BENEFITS UNDER THE RBC US WEALTH ACCUMULATION PLAN

7538166_2.DOC

| Moving Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 30. By letter dated February 6, 2008, Benhayon's counsel submitted a Request For Recondiseration Of Denial Of Accelerated Vesting And Distribution. | Sikich Decl., ¶ 6, Exh. E (Letter from K. Myron to T. Schnell & G. Sikich, dated February 6, 2008; pp. 13-18) |
| 31. At its meeting on April 8, 2008, the WAP Committee considered Benhayon's appeal of its December 7, 2007 decision. | Sikich Decl., ¶ 14, Exh. M (Minutes of WAP Committee Meeting, April 7, 2008; p. 71) |
| 32. At its meeting on April 8, 2008, the WAP Committee affirmed its earlier decision to deny Benhayon's request to accelerate vesting of the employer contributions in his WAP account. | Sikich Decl., ¶ 14, Exh. M (Minutes of WAP Committee Meeting, April 7, 2008; p. 71) |
| 33. Ms. Myron was notified of the WAP Committee's decision regarding Benhayon's appeal of its December 7, 2007 decision by a letter from Mr. Schell dated April 9, 2008. | Sikich Decl., ¶ 7, Exh. F (Letter from T. Schell to Kari Myron dated April 9, 2008; p. 18) |

## STATEMENT OF CONCLUSIONS OF LAW

1.     The decision of the RBC USA Wealth Accumulation Plan Committee (the "WAP Committee") denying Steven Benhayon's request for accelerated vesting and claim for benefits under the RBC U.S. Wealth Accumulation Plan (the "WAP") is reviewable in this Court only for an abuse of discretion.

2.     The WAP Committee did not abuse its discretion in denying Steven Benhayon's request for accelerated vesting and claim for benefits under the WAP.

DATED:  July 22, 2009

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:____/s/_____
Christopher W. Decker
Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS CORPORATION (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), and THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

CASE NO. CV08-06090 FMC(AGRx)
SEPARATE STATEMENT OF UNCONTROVERTED FACTS ISO DEFS.' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PL.'S  CLAIM FOR BENEFITS UNDER THE RBC US WEALTH ACCUMULATION PLAN

7538166_2.DOC