# KARI M. MYRON
Attorney

22972 Mill Creek Drive
Laguna Hills, California 92653

949-716-0600
949-716-0606 Facsimile

November 12, 2007

RBC Dain Rauscher
Attn: Gabriela Sikich, US Retirement Benefits Manager
Mailstop P16
60 South Sixth Street
Minneapolis, MN 55402

      Re:                       Steven Benhayon
      Date of Termination:   September 17, 2007

## REQUEST FOR ACCELERATED VESTING

Dear Ms. Sikich:

This firm and the undersigned have been retained by Mr. Steven Benhayon for the purpose of negotiating his severance from RBC. Mr. Benhayon was the Managing Director of Institutional Sales/Fixed Incomes Sales U.S., for RBC Capital Markets in San Francisco.

At the time of RBC's mass terminations of September 17, 2007 resulting in an immediate reduction of 45% of its sales force within the Fixed Income Unit of RBC Capital Markets, Mr. Benhayon was in fact a valued long term employee with RBC (and its predecessor, Sutro Partners), spanning almost 17 years. For the past 5 years, Mr. Benhayon has consistently been in the top 10% for sales throughout the Fixed Income Unit, this, notwithstanding the volatility of the market during that very same timeframe. Mr. Benhayon has been a yearly recipient of the esteemed "Pinnacle Award", which is based solely on productivity. His participation in the Wealth Accumulation Plan is consistent with this, as participation therein is designed for employees in a 'select group of management or highly compensated employees'. A review of the RBC Payroll records and the WAP records clearly support this as RBC's contribution to the WAP account is directly related to that very same level of heightened productivity.

Ms. Gabriella Sikich
U.S. Retirement Benefits Manager
**In re Steven Benhayon**
November 12, 2007
Page 2

Given Mr. Benhayon's sudden termination by RBC "without" notice and/or "cause"[1], Mr. Benhayon makes request to the WAP Committee for a finding of accelerated vesting of any/all funds on deposit in his WAP account, which are estimated to be $335,000.00. In accordance with the terms of the Plan, immediate vesting of all employer contributions is available upon termination of employment, subject to the sound discretion of the Committee.

Should you require additional documentation to assist in the Committee's review of this request, please so advise.

Very truly yours,
**LAW OFFICE OF KARI M. MYRON**

Kari M. Myron

KMM:ms

cc:    Client

---

[1] The significance of this being that if Mr. Benhayon had been terminated for "gross or willful misconduct", all deemed investments of the employer are deemed forfeited.




**RBC Dain Rauscher**

Todd W. Schnell
Senior Associate General Counsel
Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402-4422
(612) 371-7263
(612) 371-7766 Fax
www.rbcdain.com
todd.schnell@rbcdain.com

November 15, 2007

**VIA FACSIMILE (949-716-0606) & U.S. MAIL**
Ms. Kari M. Myron
Law Office of Kari M. Myron
22972 Mill Creek Drive
Laguna Hills, CA 92653

        Re:   Steven Benhayon

Dear Ms. Myron:

    This correspondence is sent in response to your letter of November 9, 2007, to Mr. Argyle Burke and Ms. Tracy McDonald. RBC has carefully reviewed your correspondence and the circumstances surrounding Mr. Benhayon's termination from employment.

    I appreciate the effort you have undertaken to describe Mr. Benhayon's performance for RBC for the past five years, but I hope you understand that the decision to terminate his employment stemmed from the decision to entirely eliminate certain of RBC's business operations in the San Francisco area. You properly acknowledged that no severance payment was required, but RBC did decide to provide exiting employees with severance pay to ease their transition out of the organization and to provide them resources to assist in obtaining future employment. While RBC believed it was being generous in the offers it extended, I am sorry that Mr. Benhayon does not have a similar view.

    Mr. Benhayon was provided severance consistent with other employees offered the severance plan and consistent with RBC's past practice. Further, the terms of the Wealth Accumulation Plan do not provide for the accelerated vesting of employer

Member NYSE • SIPC

EXHIBIT  C  , PAGE  10
RBC/BENHAYON000000072

11/16/2007 11:14 FAX 6123717766      RBC DAIN      ☒002/002

Ms. Kari M. Myron
November 15, 2007
Page 2

contributions that you seek. Accordingly, we are unable to increase the severance offered from that identified in the original letter to Mr. Benhayon. Mr. Benhayon's period to accept this severance offer remains open through December 2, 2007.

Sincerely,

Todd W. Schnell

Cc:    Mr. Argyle Burke
       Ms. Tracy McDonald

EXHIBIT C , PAGE 11
RBC/BENHAYON000000073



**RBC
Dain Rauscher**

Todd W. Schnell
Senior Associate General Counsel
Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402-4422
(612) 371-7263
(612) 371-7766 Fax
www.rbcdain.com
todd.schnell@rbcdain.com

December 11, 2007

**VIA FACSIMILE (949-716-0606) & U.S. MAIL**
Ms. Kari M. Myron
Law Office of Kari M. Myron
22972 Mill Creek Drive
Laguna Hills, CA 92653

      Re:    *Steven Benhayon*

Dear Ms. Myron:

      This correspondence is sent in response to your letter of November 12, 2007, to Ms. Gabriela Sikich, requesting a review of Mr. Benhayon's WAP account by the WAP committee.

      On December 7, 2007, the RBC U.S. Wealth Accumulation Plan committee met and reviewed Mr. Benhayon's request for accelerated vesting of the unvested portion of the employer contributions to his WAP account that had been forfeited, pursuant to Section 4.4 of the Plan, at the time of his termination. After completing its review, the Committee chose not to approve Mr. Benhayon's request.

      Pursuant to Section 7.4 of the Plan, you are entitled to request a review of the foregoing denial. If you desire such a review, please comply with the provisions of Section 7.4 and direct your written request to my attention.

                                              Sincerely,

                                              Todd W. Schnell

Cc:    Ms. Gabriela Sikich