**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
Kari M. Myron (Bar No. 158592)
Matthew J. Salcedo (Bar No. 237866)
695 Town Center Drive, Ste. 700
Costa Mesa, California 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501
kmyron@bmkalaw.com

Attorneys for Plaintiff
STEVEN BENHAYON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BENHAYON, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL BANK OF CANADA, a Canadian company, business form unknown; RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC., business form unknown; THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, formerly known as RBC Dain Rauscher Wealth Accumulation Plan; and, DOES 1 through 20,<br><br>Defendants. | Case No.: CV08-06090 FMC (AGRx)<br>Assigned to Hon. Florence-Marie Cooper [Courtroom 750 (Roybal)]<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE ISSUES OF MATERIAL FACT AND SUPPORTING EVIDENCE**<br><br>*[Filed concurrently with Plaintiff's Reply Brief Re: ERISA Issues and Plaintiff's Response to Defendants' Separate Statement of Uncontroverted Facts and Conclusions of Law]*<br><br>DATE:   Not set.<br>TIME:   Not set.<br>CTRM:   Not set. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff STEVEN BENHAYON hereby submits the following Separate Statement of Genuine Issues Facts of Material Fact and Supporting Evidence in opposition to Defendants' Motion for Partial Summary Judgment as follows.

## PRELIMINARY STATEMENT

On July 31, 2009, Plaintiff filed an *Ex Parte* Application for an Order Continuing the ERISA Reply Brief Due Date, or, in the Alternative, for an Order Shortening Time To Depose RBC's PMK and Shortening Time for RBC to Respond to Request for Production of Documents at Time of PMK Deposition. In a good faith effort to comply with this Court's Simultaneous Briefing Order and to preserve its rights in this litigation, Plaintiff hereby submits this Separate Statement of Genuine Issues Facts of Material Fact and Supporting Evidence in opposition to Defendants' Motion for Partial Summary Judgment. In so doing, Plaintiff does not waive its rights or arguments contained in the *Ex Parte* Application.

| PLAINTIFF'S GENUINE ISSUES OF MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.   RBC does not dispute that the WAP is an "employee benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). | Defendants' Notice of Motion and Motion for Partial Summary Judgment on Plaintiff's Claim for benefits under the Royal Bank of Canada US Wealth Accumulation Plan ("Defendants' MSJ") 2:21-3:2. |
| 2.   The WAP is not a top hat plan as defined by 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |
| 3.   The WAP covered approximately 1,200 employees. | AA 009. |

**PLAINTIFF'S SEPARATE STATEMENT OF GENUINE ISSUES OF MATERIAL FACT AND SUPPORTING EVIDENCE**

| PLAINTIFF'S GENUINE ISSUES OF MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 4.   Steven Benhayon was a sales employee of RBC. | Declaration of Christopher W. Decker in Support of Defendants' MSJ, ¶ 2, Exhibit A, pages 2 through 8. |
| 5.   In 2003, Steven Benhayon was required to defer compensation to his WAP account in order to receive company matchings. | SAA 056 through SAA 072 |
| 6.   In 2003, Steven Benhayon was required to defer compensation to his WAP account in order to receive a WAP Production Bonus. | SAA 0057-SAA 00061. |
| 7.   In 2003, Steven Benhayon deferred 20 percent of his compensation to the WAP in order to receive benefits from RBC. | SAA 0057-SAA 00061; AA 0002. |
| 8.   Steven Benhayon's WAP Production Bonus was due to vest on January 1, 2008. | SAA 00048-00051; SAA 00056-00072. |
| 9.   Steven Benhayon's Company Variable Match was due to vest on January 1, 2008. | SAA 00048-00051; SAA 00056-00072. |
| 10.   On September 17, 2007, Steven Benhayon was terminated from employment with RBC involuntarily. | AA 072, 074-075. |

| PLAINTIFF'S GENUINE ISSUES OF MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 11. Steven Benhayon was terminated as part of a reduction in force. | AA 072, 074-075. |
| 12. Steven Benhayon was terminated for "restructuring." | AA 072, 074-075. |
| 13. The WAP does not address a participant's termination without cause. | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |
| 14. The WAP does not address how a participant's WAP account benefits vest upon termination without cause. | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |
| 15. The WAP does not address how a participant's WAP account benefits are to be distributed upon termination without cause. | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |
| 16. The 2006 WAP lacks an integration clause. | AA 033. |
| 17. The 2007 WAP lacks an integration clause. | AA 103. |
| 18. The WAP does not define the term "restructuring." | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |
| 19. The WAP Committee met on April 7, 2008 to address the vesting of Steven Benhayon's WAP benefits. | AA 303. |

PLAINTIFF'S SEPARATE STATEMENT OF GENUINE ISSUES OF MATERIAL FACT AND SUPPORTING EVIDENCE

| PLAINTIFF'S GENUINE ISSUES OF MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 20. The WAP was not an unfunded plan. | SAA 056 through SAA 072; AA 010 through AA 028; AA 030 through AA 047. |

DATED: August 5, 2009

BOHM, MATSEN, KEGEL & AGUILERA, LLP

By: _____
Kari M. Myron
Matthew J. Salcedo,
Attorneys for Plaintiff STEVEN BENHAYON