LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
CHRISTOPHER W. DECKER, State Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:  (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS
CORPORATION (incorrectly named and sued as "RBC WEALTH
MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER,
INC."), and THE ROYAL BANK OF CANADA US WEALTH
ACCUMULATION PLAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BENHAYON,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL BANK OF CANADA, a Canadian company, business form unknown; RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC., business form unknown; THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, formerly known as RBC Dain Rauscher Wealth Accumulation Plan; and, DOES 1 through 20,<br><br>Defendants. | Case No. CV08-06090 FMC(AGRx)<br><br>**DECLARATION OF CHRISTOPHER W. DECKER IN SUPPORT OF DEFENDANTS' DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING FURTHER RESPONSES TO DISCOVERY AND FOR SANCTIONS**<br><br>DJ:          Florence-Marie Cooper<br>Courtroom: (Roybal) 750<br>MJ:          Alicia G. Rosenberg<br>Courtroom: (Spring) 23<br><br>Discovery Cut-Off:   September 30, 2009<br>Pre-trial Conference: January 25, 2010<br>Trial:                        February 16, 2010 |

CASE NO. CV08-06090 FMC(AGRx)
DECLARATION OF CHRISTOPHER DECKER ISO OPP. TO EX PARTE APPLICATION TO COMPEL
FURTHER RESPONSES TO DISCOVERY AND FOR SANCTIONS

7699850_2.DOC

# DECLARATION OF CHRISTOPHER W. DECKER

I, CHRISTOPHER W. DECKER, declare and state as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California. I am an Associate with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart P.C., attorneys of record herein for Defendants ROYAL BANK OF CANADA, RBC CAPITAL MARKETS CORPORATION (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), and THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN (collectively "Defendants"). I make this declaration in support of Defendants' Opposition to Plaintiff's *Ex Parte* Application For An Order Compelling Further Responses To Discovery And For Sanctions (the "*Ex Parte* Application"). Except as noted below, the facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. Plaintiff propounded a Request for Production of Documents (Set One) (the "Document Requests") in this action on March 18, 2009. A copy of these Document Requests is attached as Exhibit A to the Declaration Matthew Salcedo which accompanies Plaintiff's *Ex Parte* Application (the "Salcedo Declaration").

3. Plaintiff also propounded a set of Special and Contention Interrogatories (Set One) (the "Interrogatories") in this action on March 18, 2009. A copy of these Interrogatories is attached as Exhibit C to the Salcedo Declaration.

4. By mutual agreement, Defendants' time to respond to the Document Requests and the Interrogatories was extended until April 30, 2009.

5. On April 30, 2009, Defendants served their written responses to both the Interrogatories and the Document Requests. Defendants' responses to the Interrogatories are attached as Exhibit B to the Salcedo Declaration. Defendant's responses to the Document Requests are not attached to the Salcedo Declaration but a true copy of those responses is attached as Exhibit A to this declaration.

6. Also on April 30, 2009, Defendants produced 294 pages of documents in response to the Document Requests. Confidential documents were not produced at that time because the parties had yet to obtain the court's approval for their stipulated protective order. Defendants produced additional documents on May 6, 2009. On June 19, 2009, Defendants completed their production by producing an additional 51 pages of documents, including all documents deemed to be confidential, and served amended responses to the Document Requests. These amended responses are attached as Exhibit D to the Salcedo Declaration.

7. Attached as Exhibit B to this declaration is a true copy of a letter from Defendants' counsel to Plaintiff's counsel which accompanied the document production and amended responses served on June 19, 2009.

8. Defendants have not amended or supplemented their April 30, 2009 response to the Interrogatories at any time.

9. On June 16, 2009, Defendants' counsel received a letter from Kari Myron, counsel for Plaintiff, dated June 10, 2009, in which Plaintiff's counsel asserted that certain of Defendants' discovery responses were deficient. A copy of that letter is attached as Exhibit E to the Salcedo Declaration. The letter did not request either a personal or telephonic conference of counsel to discuss the alleged disputes. Nonetheless, on July 20, 2009, I placed a telephone call to Ms. Myron and asked her to discuss the contents of the June 10th letter. In that conversation, she agreed that several of the discovery responses to which she had objected in her letter were in fact sufficient, in particular the responses to Requests for Production Nos. 20 & 21 and Interrogatories Nos. 13-16. Attached as Exhibit C to this declaration is an e-mail I received from Ms. Myron later that day memorializing our conversation. As noted in that e-mail, we agreed to continue our meet and confer discussions regarding Defendants' discovery responses on July 24 at 10:30 a.m. That discussion was subsequently postponed to July 28.

10. On July 28, 2009, I spoke with Matthew Salcedo, counsel for Plaintiff,

2   CASE NO. CV08-06090 FMC(AGRx)
DECLARATION OF CHRISTOPHER DECKER ISO OPP. TO EX PARTE APPLICATION TO COMPEL FURTHER RESPONSES TO DISCOVERY AND FOR SANCTIONS

7699850_2.DOC

1  regarding the discovery responses identified in Ms. Myron's June 10, 2009 letter
2  which I had not discussed with her on July 20th. In that conversation, he withdrew
3  his demands with respect to to several of the discovery responses to which Ms.
4  Myron had objected in her letter of July 10, 2009 , in particular the responses to
5  Requests for Production Nos. 33-35 & 37.  Mr. Salcedo and I did not reach
6  agreement regarding the other items which we discussed.

7      11.    Defendants did not agree to supplement their responses to the
8  Interrogatories or the Document Requests in either the July 20th or July 28th
9  conversation between counsel.  To the contrary, I maintained in both of these
10 conversations that Defendants' responses to Plaintiff's discovery were sufficient and
11 that Plaintiff's discovery requests were objectionable in multiple respects.

12     12.    On Friday, August 14, 2009, Defendants' counsel received a letter from
13 Plaintiff's counsel demanding supplemental responses to certain (but not all) of the
14 discovery requests identified in Ms. Myron's July 10 letter no later than the
15 following Monday, August 17, 2009.  A copy of that letter is attached as Exhibit F to
16 the Salcedo Declaration.  The letter did not state any new grounds for this demand,
17 nor did it offer to meet and confer further regarding Plaintiff's discovery requests
18 and/or Defendants' responses thereto.  With respect to the Interrogatories, the letter
19 demanded further responses to Interrogatories 10-18, despite the fact that Ms. Myron
20 had previously agreed in the July 20th conversation that Defendants' responses to
21 Interrogatories 13-16 were sufficient, and subsequently confirmed that agreement in
22 her e-mail of that same day (see Exhibit C),  With respect to the Document Requests,
23 the only demands were that Defendants provide a privilege log and supplement their
24 responses to those Document Requests for which they had provided a compilation of
25 data rather than actual documents (Document Requests Nos. 23-27 & 37-38).
26 Defendants' counsel did not respond to the letter.

27     13.    On August 18, 2009, Plaintiff's  counsel noticed the deposition of
28 Defendants' Rule 30(b)(6) witness regarding various topics related to the termination

3    CASE NO. CV08-06090 FMC(AGRx)
DECLARATION OF CHRISTOPHER DECKER ISO OPP. TO EX PARTE APPLICATION TO COMPEL
FURTHER RESPONSES TO DISCOVERY AND FOR SANCTIONS

of Plaintiff's employment (the "Rule 30(b)(6) Deposition") for August 31, 2009. A copy of the Notice of Deposition is attached as Exhibit D to this declaration. Exhibit D was the first oral or written communication Defendants' counsel received from Plaintiff's counsel that Plaintiff's counsel wished to take such a deposition.

14. On August 20, 2009, I spoke to Mr. Salcedo by telephone. During that conversation, we agreed that the Rule 30(b)(6) Deposition would be taken off calendar and that the parties would discuss a date for that deposition on August 28, 2009 when they convened for another deposition scheduled in this matter.

15. On August 28, 2009, counsel for the parties agreed that the Rule 30(b)(6) Deposition would take place on September 17, 2009. Although I was not present at that conversation, Mr. Salcedo subsequently confirmed the agreement in a telephone conversation between the two of us.

16. On September 3, 2009, Mr. Salcedo informed me in a telephone conversation that Plaintiff was contemplating filing an *ex parte* application to compel further responses to Plaintiff's discovery requests. At my request, Mr. Salcedo and I then discussed the various items identified in his letter of August 14, 2009 which is attached to his declaration as Exhibit F. During our conversation, Mr. Salcedo agreed to withdraw his demand for supplemental responses to Interrogatories 13-16. We did not reach any agreement regarding the other items referenced in his letter of August 14, 2009. Mr. Salcedo then informed me that Plaintiff would file an *ex parte* application "as soon as possible."

17. Later that same day, I received service of Plaintiff's *Ex Parte* Application. Prior to receiving Plaintiff's *Ex Parte* Application, Defendants' counsel never received from Plaintiff's counsel a proposed stipulation in the form specified in Local Rule 37-2.1 & 37-2.2

18. The following day, I submitted a written request to Magistrate Judge Rosenberg for an extension of time until September 11, 2009 to respond to Plaintiff's *Ex Parte* Application. The request was granted that same day. Later that same day, I

received a letter from Mr. Salcedo stating that September 17, 2009 was no longer an acceptable date for the PMK Deposition. A copy of that letter is attached to this declaration as Exhibit E.

19. The mediation in this matter is set for November 19, 2009.

20. Attached hereto as Exhibit F is a copy of the scheduling order in this matter issued by Judge Florence-Marie Cooper on May 4, 2009.

21. Attached as Exhibit G to this declaration is a true copy of the operative complaint in this matter.

22. Attached as Exhibit H to this declaration is a true copy of documents produced by Defendants in this matter and bates-labeled RBC/BENHAYON000339-44.

23. Attached as Exhibit I to this declaration is a true copy of the executed verification of Defendants' responses to the Interrogatories.

24. Defendants have provided Plaintiff's counsel with a privilege log which identifies all documents withheld by Defendants from discovery in this matter on grounds of the attorney-client privilege or the attorney work product doctrine.

25. I have spent more than 16 hours reading and reviewing Plaintiff's *Ex Parte* Application, planning and preparing Defendants' Opposition to Plaintiff's *Ex Parte* Application, reviewing the local rules regarding discovery motions, drafting this declaration, and assembling the exhibits to this declaration. My billing rate for this matter is $300 per hour. Accordingly, Defendants have incurred at least $4,800 in legal fees opposing Plaintiff's *Ex Parte* Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of September 2009 at Los Angeles, California.

/s/ Christopher W. Decker
_____
Christopher W. Decker