LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
CHRISTOPHER W. DECKER, State Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS
CORPORATION (incorrectly named and sued as "RBC WEALTH
MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER,
INC."), and THE ROYAL BANK OF CANADA US WEALTH
ACCUMULATION PLAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BENHAYON,<br><br>            Plaintiff,<br><br>      v.<br><br>ROYAL BANK OF CANADA, a Canadian company, business form unknown; RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC., business form unknown; THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN, formerly known as RBC Dain Rauscher Wealth Accumulation Plan; and, DOES 1 through 20,<br><br>            Defendants. | Case No. CV08-06090 FMC(AGRx)<br><br>**DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S CLAIM FOR BENEFITS UNDER THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN**<br><br>DJ:        Florence-Marie Cooper<br>Courtroom: (Roybal) 750<br>MJ:        Alicia G. Rosenberg<br>Courtroom: (Spring) 23<br><br>Discovery Cut-Off:  September 30, 2009<br>Pre-trial Conference: January 25, 2010<br>Trial:             February 16, 2010 |

7730619_2

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..........................................................................I

I.    PRELIMINARY STATEMENT ................................................1

II.   DEFENDANTS' STYLED THEIR OPENING BRIEF AS A MOTION FOR SUMMARY JUDGMENT OUT OF AN ABUNDANCE OF CAUTION AND TO AVOID ANY PREJUDICE TO PLAINTIFF..............1

III.  THE FURTHER DISCOVERY CONDUCTED BY PLAINTIFF AFTER THIS COURT'S AUGUST 10, 2009 ORDER DOES NOT AFFECT THE COURT'S RULING ON THE ERISA PORTION OF THE CASE. ........................................................................3

IV.   THE COURT SHOULD DISREGARD PLAINTIFF'S OBJECTIONS TO THE SECOND DECLARATION OF GABRIELA SIKICH..................6

V.    CONCURRENTLY HEREWITH, DEFENDANTS ARE FILING AN AMENDED SECOND DECLARATION OF GABRIELA SIKICH TO CORRECT A COMPUTATIONAL ERROR IN THE DOCUMENT PREVIOUSLY FILED WITH THE COURT. ...............................8

VI.   CONCLUSION ...........................................................8

7730619_2

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abatie v. Alta Life & Health Ins. Co.,*
    458 F.3d 955 (9th Cir. 2006) ............................................................4, 5

*Aramony v. United Way Replacement Benefit Plan,*
    191 F.3d 140 (2d. Cir. 1999) .............................................................4

*Carr v. First Nationwide Bank,*
    816 F.Supp. 1476 ..............................................................................4

*Kearney v. Standard Ins. Co.,*
    175 F.3d 1084 (9th Cir. 1999) ...........................................................3

*Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan,*
    ___ U.S. ____129 S.Ct. 865 (2009) .............................................3, 4, 6

*Montour v. Hartford Life & Accident Ins. Co.,*
    ___ F.3d ___, 2009 WL 2914516 .......................................................5

*Sznewajs v. U.S. Bancorp Amended and Restated Supplemental Benefits Plan,*
    572 F.3d 727 (9th Cir. 2009) .........................................................5, 6

OTHER AUTHORITIES

Federal Rule of Civil Procedure 56 .........................................................2

Local Rules 56-1-56-4 ...........................................................................2

DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S CLAIM FOR BENEFITS
UNDER THE  ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

7730619_2

## I.   **PRELIMINARY STATEMENT**

In accordance with this Court's August 10, 2009 Order On Plaintiff's Ex Parte Application And Amended Briefing Schedule, Defendants Royal Bank of Canada, RBC Capital Markets Corporation (incorrectly named and sued as "RBC Wealth Management Company, formerly RBC Dain Rauscher, Inc.."), and The Royal Bank of Canada US Wealth Accumulation Plan (collectively "Defendants") hereby submit their Supplemental Reply Brief in support of their Motion for Partial Summary Judgment On Plaintiff's Claim For Benefits Under The Royal Bank of Canada US Wealth Accumulation Plan (the "Motion").

Defendants previously filed a reply brief in support the Motion on August 5, 2009.  After that brief was filed, this Court issued its August 10, 2009 Order, which amended the briefing schedule for the ERISA portion of the case and provided that Defendants' reply brief would be due September 28, 2009, rather than August 5, 2009, as previously set by the Court.

Defendants' reply brief filed on August 5, 2009 addresses those matters raised in Plaintiff's Opening Brief filed on July 22, 2009.  To avoid needlessly expanding the record, this brief will be limited to addressing developments in this litigation since that brief was filed which may be relevant to the Court's decision on the Motion.  Defendants respectfully refer the Court to their prior submissions in support of the Motion for all matters not addressed herein.

## II.   **DEFENDANTS' STYLED THEIR OPENING BRIEF AS A MOTION FOR SUMMARY JUDGMENT OUT OF AN ABUNDANCE OF CAUTION AND TO AVOID ANY PREJUDICE TO PLAINTIFF.**

After Defendants filed their reply brief, this Court issued its August 10, 2009 Order stating that Defendants had ignored the Court's May 4, 2009 Minute Order by filing a motion for summary judgment rather than an Opening Brief on the question of ERISA benefits.  Defendants never intended to disregard this Court's directions and were in fact attempting to comply with those directions in good faith.  Based on the May 4, 2009 Minute Order, Defendants understood that the Court had requested

1

1  briefing from the parties which would resolve "the ERISA portion of the case."

2  Defendants further believed that, if that portion of the case were resolved in their

3  favor, they would be entitled to judgment on Plaintiff's claim for benefits under the

4  Royal Bank of Canada U.S. Wealth Accumulation Plan (the "WAP") and wished to

5  make an affirmative request for such relief.  Arguably then, Defendants' opening

6  brief would be, in substance, a dispositive motion regarding that claim to which the

7  requirements of Federal Rule of Civil Procedure 56 and Local Rules 56-1 through

8  56-4  might conceivably apply.  Hence, out of an abundance of caution, and to avoid

9  any possible waiver of its right to judgment should the Court resolve the ERISA

10  portion of the case in its favor, Defendants styled their opening brief as a motion for

11  partial summary judgment and submitted the supporting documents required for the

12  Court to rule on such a motion.

13      Defendants viewed this approach as a conservative one which could not

14  possibly prejudice Plaintiff.  Styling their opening brief as a motion for partial

15  summary judgment would not require Plaintiff to meet any unanticipated legal issues

16  or evidence, since the Court had already announced that these briefs would fully

17  resolve the merits of Plaintiff's claim for benefits under the WAP.  Moreover, given

18  that these briefs were intended to resolve the ERISA portion of the case, Plaintiff

19  was already required to make the necessary showing to prevail on the merits, which

20  is more than the showing that would be required to defeat a motion for summary

21  judgment.  Additionally, since Plaintiff had already enjoyed more than four months

22  to conduct discovery, he had more than sufficient opportunity to develop whatever

23  evidence he felt he needed to make this showing.  Finally, the stipulated briefing

24  schedule allowed Plaintiff two weeks to prepare his responsive brief, more than the

25  time provided under the Federal Rules of Civil Procedure or the Local Rules of this

26  Court to oppose a motion for summary judgment.  Consequently, a motion for partial

27  summary judgment would not impose any burdens on Plaintiff that he was not

28  already required to meet and he would not be unduly prejudiced if Defendants

CASE NO. CV08-06090 FMC(AGRx)

DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S CLAIM FOR BENEFITS
UNDER THE  ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

7730619_2

1  proceeded in this manner.

2       Based on the Court's August 10, 2009 Order, Defendants now understand that

3  the Court wished to resolve the ERISA portion of the case by way of briefing, but

4  without resort to the usual procedures for obtaining summary judgment.  Defendants

5  apologize for any confusion they have created by their earlier misunderstanding and

6  have complied with the provisions of that Order.  Moreover, Defendants have no

7  objection should the Court wish to conduct a court trial of Plaintiff's claim for

8  benefits under the WAP based on the existing court record, in the manner provided

9  in *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1999).

10  **III.  THE FURTHER DISCOVERY CONDUCTED BY PLAINTIFF AFTER**
11  **THIS COURT'S AUGUST 10, 2009 ORDER DOES NOT AFFECT THE**
    **COURT'S RULING ON THE ERISA PORTION OF THE CASE.**

12       In its August 10, 2009 Order, this Court granted Plaintiff leave to take the

13  deposition of Gabriela Sikich.  Defendants complied and the deposition was

14  completed on August 28, 2009.  At the deposition, Defendants also produced 290

15  pages of documents at the deposition, in response to various Requests for Production

16  included with the Notice of Deposition.  During this period, Defendants also

17  responded to Plaintiff's Special Interrogatories (Set Two) and provided Plaintiff with

18  unredacted versions of 43 pages previously produced in redacted form.  No other

19  discovery has taken place since the Court issued its August 10, 2009 Order.

20       While Plaintiff may offer some of the testimony, documents and/or responses

21  obtained from this discovery for the Court's consideration, none of it has any bearing

22  on the issues the Court must decide at this juncture.  The ERISA portion of this case

23  is a straight-forward claim by Plaintiff that he was improperly denied benefits under

24  the WAP, which both sides have agreed to treat as a pension plan subject to ERISA

25  for purposes of this Motion.  Whether an employee is entitled to benefits under an

26  ERISA plan "stands or falls by the terms of the plan."  *Kennedy v. Plan Adm'r for*

27  *DuPont Sav. and Inv. Plan,* ___ U.S. ____129 S.Ct. 865, 875 (2009) (internal

28  quotation marks and citation omitted).  Thus, if the provisions of the WAP are

1  unambiguous, which they are, then Plaintiff's claim must be rejected, and any

2  argument that those terms are somehow unreasonable or were set up "in bad faith" is

3  simply irrelevant. *Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140,

4  149 (2d. Cir. 1999) ("As a general matter, unambiguous language in an ERISA plan

5  must be interpreted and enforced in accordance with its plain meaning"); *Carr v.*

6  *First Nationwide Bank*, 816 F.Supp. 1476, 1493 (N.D.Cal.,1993 (where plan

7  language is unambiguous, its natural meaning is conclusive). Specifically, any

8  appeal to fiduciary duties misses the mark, since an ERISA plan administrator is

9  bound to pay benefits in accordance with the terms of the plan, and any departure

10 from those terms would constitute a breach the administrator's statutory duties.

11 *Kennedy*, ___ U.S. ____,129 S.Ct. at 875. Hence, to adjudicate Plaintiff's claim,

12 this Court need only review the terms of the WAP plan document (specifically

13 Section 4), which is already in evidence, and apply them to the undisputed facts

14 concerning the date of Plaintiff's termination and the vested status of his WAP

15 benefits on that date. Any further evidence Plaintiff may offer cannot change the

16 clear result that the benefits he seeks were forfeited because his employment with

17 Defendants ended before those benefits vested.

18      Any further evidence Plaintiff may offer is unavailing even if the Court finds

19 that the relevant terms of the WAP are ambiguous or that factual determinations are

20 required before those terms can be applied to Plaintiff's circumstances. Since the

21 WAP confers discretion on the WAP Committee to administer claims – a point

22 Plaintiff does not dispute – its decision on these matters is reviewable in court only

23 for an abuse of discretion. *Abatie v. Alta Life & Health Ins. Co.*, 458 F.3d 955, 965

24 (9th Cir. 2006). Such review, moreover, is limited to the administrative record which

25 the plan administrator had before it at the time the decision was made. *Id.* at 970.

26 That record has already been introduced into evidence and authenticated, and

27 nothing obtained in subsequent discovery alters its scope. Thus, any additional

28 evidence Plaintiff may offer in connection with his reply brief would be evidence

7730619_2

1  that was not part of the administrative record, which this Court cannot consider to

2  determine Plaintiff's entitlement to the benefit he seeks.  *Id.*

3       Nor can Plaintiff escape the bar on evidence outside the administrative record

4  by suggesting that the evidence he has obtained is somehow relevant to demonstrate

5  that the WAP Committee acted under a conflict of interest.  While a court may

6  consider evidence outside the administrative record for this limited purpose, *see id.*,

7  the goal of such inquiry is only to determine "the degree to which the conflict

8  appears improperly to have influenced a plan administrator's decision."  *Montour v.*

9  *Hartford Life & Accident Ins. Co.*, ___ F.3d ___, 2009 WL 2914516 at *5.  Here,

10  however, there is no evidence of any such improper influence.  To the contrary, Ms.

11  Sikich testified both in her declaration submitted with Defendants' reply papers and

12  at deposition that none of the members of the WAP Committee responsible for

13  deciding Plaintiff's entitlement to benefits under the WAP (i) were employed by the

14  entity responsible for paying those benefits, or (ii) were aware of the financial

15  consequences of their decision.  (Second Decl. of G. Sikich In Support Of

16  Defendants' Motion for Partial Summary Judgment [dkt. # 39-2] at 2:4-13; Sikich

17  Depo.[1] at 45:17-47:22, 59:9-60:20 & 61:24-63:7.)  Discovery, moreover, has not

18  revealed any evidence that these decision-makers failed to follow established

19  procedures in considering Plaintiff's claim, disregarded or downplayed materials

20  submitted by Plaintiff, or gave undue weight to opposing evidence.  Thus, there are

21  no facts or circumstances suggesting that a conflict of interest tainted the

22  administrative decision-making process and no reason to conclude that an abuse of

23  discretion occurred.

24       Finally, any further evidence Plaintiff may offer pertaining to the WAP's top-

25  hat status is irrelevant since the same framework applies to the judicial review of a

26  claim for benefits "for all covered plans, top hat or otherwise."  *Sznewajs v. U.S.*

27

28  _____
    [1] The relevant excerpts of the Deposition of Gabriela Sikich are attached as
    Exhbit A to the Second Declaration of Christopher W. Decker In Support Of
    Defendants' Motion For Partial Summary Judgment, filed concurrently herewith.

1 | *Bancorp Amended and Restated Supplemental Benefits Plan*, 572 F.3d 727, 734 (9th
2 | Cir. 2009).  Specifically, a participant's entitlement to benefits is determined solely
3 | by the terms of the plan document and the plan administrator's decision is
4 | reviewable only for an abuse of discretion.  *Id.* at passim.  Indeed, the only difference
5 | between the two types of plans which Plaintiff has suggested may affect the outcome
6 | of this litigation is that the administrators of ERISA plans (other than top-hat plans)
7 | are subject to ERISA fiduciary duty rules.  However, as explained above, that
8 | difference is immaterial here, since, in reviewing a claim for benefits, ERISA plan
9 | administrators must exercise their fiduciary duties *in accordance with the terms of*
10 | *the plan document.  See, e.g., Kennedy*, ___ U.S. ____,129 S.Ct. at 875.
11 | Accordingly, in this instance, the analysis of Plaintiff's claim for benefits is the same
12 | regardless of whether the WAP is a top-hat plan or not, and the Court need not even
13 | resolve whether the WAP falls within the top-hat plan exemption.

14 | **IV.** | **THE COURT SHOULD DISREGARD PLAINTIFF'S OBJECTIONS TO THE SECOND DECLARATION OF GABRIELA SIKICH.**
15 |
16 | The Court's briefing schedule for the ERISA portion of the case provided that
 | the parties would submit *simultaneous* opening and reply briefs, which necessarily
17 | forecloses either side from responding to the other's second submission.
18 | Nonetheless, after Defendants filed their reply papers on August 5, 2009, which
19 | included the Second Declaration of Gabriela Sikich In Support Of Defendant's
20 | Motion For Partial Summary Judgment, Plaintiff filed evidentiary objections to that
21 | declaration.  This Court should disregard the objections since they exceed the scope
22 | of the briefing requested by the Court.
23 |
24 | In any event, Plaintiff's objections are without merit.  Plaintiff objects that Ms.
 | Sikich is "wholly unqualified to render any testimony as to the administration,
25 | management, or operation of the WAP Committee" because she is not a member of
26 | that committee.  (Pl.'s Obj. to Second Decl. of G. Sikich [dkt. # 41] at 2:14-2:28.]
27 | However, Ms. Sikich does not testify to any of these matters in her Second
28 |

7730619_2

1   Declaration, but only provides information regarding the percentage of Defendants'

2   workforce eligible to participate in the WAP, the average compensation of those

3   eligible to participate and Defendant's workforce generally, and the membership of

4   the WAP Committee.  She further testifies in her declaration that this information is

5   based on her own personal knowledge or her review of Defendants' business records,

6   establishing the necessary foundation for that testimony and an exception to the

7   hearsay rule.  (Second Decl. of G. Sikich [dkt. # 39-2] at 1:5-8.)

8        Plaintiff further objects to paragraphs 6-8 of the Ms. Sikich's Second

9   Declaration on the grounds that her testimony regarding the contents of Defendants'

10  business records constitutes hearsay, violates the best evidence rule and is given

11  without adequate personal knowledge.  However, Ms. Sikich is not attempting to

12  establish the contents of those records, but is rather relying on them to establish

13  certain facts regarding the percentage of employees eligible to participate in the

14  WAP, their average compensation, and the average compensation of Defendants'

15  workforce generally.  Since those business records qualify for an exception to the

16  hearsay rule, Ms. Sikich may rely on them to establish the facts which they describe.

17  Her personal knowledge of the contents of these records is provided by her own

18  testimony in the declaration.  (Second Decl. of G. Sikich [dkt. # 39-2] at 1:12-18.)

19       Finally, Plaintiff objects that Ms. Sikich's Second Declaration improperly

20  introduces new evidence not presented at the time of Defendant's opening brief.

21  However, the facts in Ms. Sikich's Second Declaration respond directly to the

22  arguments advanced by Plaintiff in his opening brief, specifically that (i) the WAP is

23  not a top-hat plan because participation is not limited to a select group of

24  management or highly compensated employees, and (ii) the members of the WAP

25  Committee who decided Plaintiff's claim for benefits had a financial incentive to

26  deny that claim.  Accordingly, the declaration is proper as a rebuttal of the evidence

27  offered by Plaintiff in connection with his opening brief.

28

DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S CLAIM FOR BENEFITS
UNDER THE  ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

**V.   CONCURRENTLY HEREWITH, DEFENDANTS ARE FILING AN AMENDED SECOND DECLARATION OF GABRIELA SIKICH TO CORRECT A COMPUTATIONAL ERROR IN THE DOCUMENT PREVIOUSLY FILED WITH THE COURT.**

After completing their filing on August 5, 2009, Defendants became aware that the Second Declaration of Gabriela Sikich filed concurrently with Defendants' reply papers contained a computational error.  Specifically, the average annual compensation of WAP-eligible employees in WAP plan years 2003 through 2007 had been understated.  The corrected numbers are provided in the Amended Second Declaration of Gabriela Sikich In Support Of Defendants' Motion For Partial Summary Judgment On Plaintiff's Claim For Benefits Under The Royal Bank Of Canada U.S. Wealth Accumulation Plan, which is being filed concurrently herewith.

In its reply papers, Defendants relied on the incorrect data only to support their argument that WAP participants qualify as "highly-compensated employees" because they earn at least twice the average for Defendants' employees generally and in excess of $100,000 per year.  (Defs.' Reply Memo. [dkt. # 39] at 5:17-6:9.)  Since this is all the more true based on the corrected data, the error in the data previously provided is not material.

Defendants served the Amended Second Declaration of Gabriela Sikich on Plaintiff on August 25, 2009, in advance of the deposition of Ms. Sikich.  (See Amended Second Declaration of G. Sikich, filed concurrently herewith, at 2.)  Thus, Plaintiff has had a full opportunity to inspect the amended declaration and examine Ms. Sikich regarding its contents.  Consequently, Plaintiff has not been prejudiced by the error or subsequent correction.

**VI.   CONCLUSION**

For all foregoing reasons, in addition to those set forth in the papers previously filed by Defendants on July 22, 2009 and August 5, 2009, this Court should adjudicate Plaintiff's claim for benefits under the WAP in favor of Defendants and enter judgment accordingly.

7730619_2

1   DATED:  September 28, 2009

2

3

4

5

6

7

8

9

10

11

12

13   7730619.2 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:   /s/ Christopher W. Decker
            Christopher W. Decker
Attorneys for Defendants
ROYAL BANK OF CANADA, RBC CAPITAL MARKETS CORPORATION (incorrectly named and sued as "RBC WEALTH MANAGEMENT COMPANY, formerly RBC DAIN RAUSCHER, INC."), and THE ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

DEFENDANTS' SUPPLEMENTAL REPLY BRIEF REGARDING PLAINTIFF'S CLAIM FOR BENEFITS UNDER THE  ROYAL BANK OF CANADA US WEALTH ACCUMULATION PLAN

7730619_2